## Commonwealth ex rel. v. Scavo

*Ross W. Thompson*, for Commonwealth.
*Henry Mustin*, for defendant.

HARKINS, J., April 6, 1943.—This is the appeal of Frank J. Scavo, who was found guilty of the charge of disorderly conduct by Ross W. Thompson, justice of the peace in the Borough of Edgewood.

Counsel for defendant moved that the information be quashed; decision was reserved on the motion, and the hearing proceeded. Defendant's counsel asked and was granted leave to file reasons to support his motion.

While we believe the motion to quash the information for lack of jurisdiction should be refused, it is our opinion that the conviction should be set aside because at the hearing, while the prosecution may have proved facts tending to support a case of assault and battery, it was not shown that the actions of defendant resulted in a breach of the public peace or annoyed peaceable residents in the vicinity where the act took place.

The facts developed at the hearing of the case, considered in a light most favorable to the prosecutor, indicate that defendant stopped his motor vehicle at the corner of Hutchinson Avenue and East End Avenue, in the Borough of Edgewood, Pa., at about 11 p.m., on the evening of June 24, 1942, and, getting out of the car, assaulted the private prosecutor. Although defendant denies that he struck the private prosecutor, even if we believed that he did, the remaining testimony does not sustain the theory that defendant had violated a disorderly conduct ordinance, as there was not sufficient evidence of annoyance to the residents nearby, nor to the public. Despite the fact, however, that the prosecution failed to show a violation of the borough ordinance relative to disorderly conduct, the law does not leave the prosecutor without remedy, as he may prosecute defendant, if he so desires, on an assault and battery charge. However, we are unable to find defendant guilty of the violation of a borough ordinance, because we believe he may be guilty of assault and battery.

It is well-established law that all municipalities in the State have only such authority as has been expressly delegated to them by the legislature. It follows that where the State has, by act of legislature, made a cer-

tain offense punishable by indictment and trial by jury, unless expressly authorized by the legislature, municipalities cannot, by ordinance, punish the same offense by a summary conviction. This doctrine is set forth in the case of Roy Tea v. New Brighton, 71 Pitts. 699, and Commonwealth v. Burke, 17 Mun. Rep. 250.

There being, therefore, insufficient evidence to find that defendant violated the borough ordinance in question, however reprehensible his conduct may have been, we are constrained to find him not guilty and to order that the fine paid be returned; costs to be placed on the county.

And now, to wit, April 6, 1943, after hearing, defendant is adjudged not guilty of the offense of violating the borough ordinance wherewith he stands charged. Restitution of fines and costs awarded, and county to pay the costs.